UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NELSON COREA                                                                                           PLAINTIFF

v.                                        No. 2:19-cv-02024

FIELD OFFICE DIRECTOR
CHRISTINA OLGUIN, et al.                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendants' motion (Doc. 16) to dismiss for failure to state a claim and brief (Doc. 17) in support of the motion, Plaintiff's response (Doc. 22) and brief (Doc. 23) in support of the response, and Defendants' reply (Doc. 28). The motion will be GRANTED in part and DENIED in part.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Plaintiff filed the instant action pursuant to 8 U.S.C. § 1421(c) seeking review of his application for naturalization after it was denied by United States Citizenship and Immigration Services ("USCIS"). Defendants argue that Plaintiff cannot assert a claim for naturalization because he was not "lawfully admitted for permanent residence" in compliance with 8 U.S.C. § 1429.

Title 8 U.S.C. § 1421(c) provides that after an applicant's application for naturalization has been denied, he may seek judicial review of his application, and "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Based on the limited documents before the Court at this stage of litigation, the Court is unable to conduct a full de novo review of

1

Plaintiff's application for naturalization. The motion will be denied in this respect, and the Court will revisit the issue on a timely-filed motion for summary judgment.

Defendants also move for dismissal of Plaintiff's Freedom of Information Act ("FOIA") claim because it is moot. Plaintiff does not address this argument in his response. Defendants contend that USCIS responded to Plaintiff's FOIA request and provided Plaintiff with 384 pages of documents. Plaintiff makes no representation that this response was inadequate. Therefore, it appears Plaintiff's FOIA request has been satisfied and his claim is moot. Even assuming Plaintiff's claim is not moot, however, the Court does not have the authority to compel individuals to comply with FOIA. *See* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin *the agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant.") (emphasis added). Plaintiff's FOIA claim will be dismissed.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 16) is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent that Plaintiff's claim for violation of the Freedom of Information Act is dismissed with prejudice. The motion is otherwise denied, and this case remains pending.

IT IS SO ORDERED this 11th day of June, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE